IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Collie T. Ellerbe, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> United States of America, ) <br> Thomas Martin and R. Wallace, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:04-23418-HMH-WMC <br><br> **O R D E R** |

This matter is before the court on the plaintiff's motion to stay dispositive motions pending his request to reopen discovery. The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On November 17, 2006, this court granted the defendants' motion to stay discovery until all the parties were served and a responsive pleading was filed. Defendants United States of America and R. Wallace filed their answer on December 11, 2006. The other remaining defendant, Thomas Martin, filed his answer on April 18, 2007. The defendants filed a motion for summary judgment on June 5, 2007. By order filed June 6, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. When the plaintiff did not timely respond, this court issued an order giving the plaintiff through August 6, 2007, in which to file any

opposition to the motion. The court advised the plaintiff that if he failed to respond, this action will be subject to dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

On August 1, 2007, the plaintiff filed a motion seeking a 90-day extension of time to file his response to the motion for summary judgment. That same day, this court granted the motion in part, giving the plaintiff an extension until September 5, 2007, in which to file his response. On August 23, 2007, the plaintiff filed the instant motion asking that the court stay dispositive motions and reopen discovery.

The plaintiff is currently incarcerated at the Federal Correctional Institution, Bennettsville, South Carolina ("FCI Bennettsville"). He alleges that on August 19, 2003, he was placed in the Special Housing Unit ("SHU") at FCI Estill pending investigation of an incident involving the plaintiff and fellow inmate Davie Keno fighting with each other. Keno was also placed in the SHU. On September 3, 2003, the plaintiff appeared before the Disciplinary Hearing Officer ("DHO") and was found guilty of fighting. The DHO gave the plaintiff 15 days disciplinary segregation and recommended the disallowance of 14 days of good time.

The plaintiff alleges that on September 8, 2003, defendant Officer R. Wallace assigned the plaintiff, the plaintiff's cellmate, Keno, and Keno's cellmate to the same recreation area. According to the plaintiff, he and his cellmate were handcuffed behind their backs, Keno's cellmate was handcuffed behind his back, but Keno was handcuffed in front. The plaintiff claims he asked defendant Officer Thomas Martin, "What are you doing," to which Martin replied, "You'll be alright." Thereafter, there was an institution emergency call, and the staff in the recreation area left to respond. While the staff was gone, Keno struck the plaintiff in the head. The plaintiff claims that he was beaten "to unconsciousness." The plaintiff suffered two lacerations to his head that required sutures to close. He claims that he "suffered severe pain and emotional trauma as a direct result of the assault" (am. comp.

2

3-6). The plaintiff alleges that the defendants acted with deliberate indifference in handcuffing Keno in front and placing him in the recreation area with the plaintiff, when they knew the plaintiff and Keno had been placed in the SHU for fighting each other.

As noted above, discovery in this case was stayed until April 18, 2007, at which time all of the defendants had filed their answers. It does not appear that the plaintiff has attempted to engage in discovery since that time. As exhibits to their motion for summary judgment, the defendants provided the plaintiff's medical records from the incident at issue. Further, Jenifer Grundy Hollett, Senior Attorney for the Federal Bureau of Prisons, testified that she has made arrangements for the plaintiff to be able to view a video recording of the incident as necessary during the preparation for his response to the motion for summary judgment (def. m.s.j., ex. A, Hollett aff. ¶ 11).

Based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to stay dispositive motions and reopen discovery is denied.

IT IS FURTHER ORDERED that the time within which the plaintiff may file his response to the motion for summary judgment is extended through September 19, 2007. The plaintiff is once again advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

August 27, 2007

Greenville, South Carolina