
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Collie T. Ellerbe, #92236-071, ) | |
| ) | C.A. No. 6:04-23418-HMH-WMC |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| Senior Officer Thomas Martin ) | |
| and Senior Officer R. Wallace, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Collie T. Ellerbe ("Ellerbe"), a federal prisoner proceeding pro se, alleges that the Defendants violated his constitutional rights while he was incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI Estill") and raises numerous claims pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Magistrate Judge Catoe recommends granting the Defendants' motion for summary judgment.  Ellerbe filed objections to the Report.  For the reasons set forth below, the court adopts the Magistrate Judge's Report and Recommendation and grants the Defendants' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

## I. Factual and Procedural Background

Ellerbe is currently incarcerated at Evans Correctional Institution in Bennettsville, South Carolina. The parties agree that on September 8, 2003, Davie Keno ("Keno") assaulted Ellerbe ("the assault") while both men were incarcerated at FCI Estill. Ellerbe and Keno were placed in the same recreation area when the assault occurred. (Am. Compl. 4.) According to Ellerbe, he and his cellmate were handcuffed with their hands behind their backs, and Keno was handcuffed with his hands in front of his body. (Id.) However, a video recording of the incident shows that Keno and Ellerbe were placed in the recreation area with their hands cuffed behind their backs at 8:32 a.m. (Defs.' Mem. Supp. Summ. J. Ex. A, Attach. 1 (Video).) When supervising prison officials left to respond to an emergency, Keno was able to slip his arms to the front of his body and assault Ellerbe. (Id.) Immediately after the assault, Officer R. Wallace ("Wallace") entered the recreation area at 8:36 a.m. and removed Keno. (Id.) Ellerbe alleges that the Defendants acted with deliberate indifference by placing him in a recreation area with Keno because they previously had been involved in a physical altercation on August 19, 2003. (Am. Compl. 3.)

On December 29, 2004, Ellerbe filed the instant complaint pursuant to 42 U.S.C. § 1983 alleging various civil rights violations. Ellerbe filed an amended complaint on December 12, 2005. On May 11, 2006, the court granted the motion to dismiss defendants Warden Gerald Maldonado, Warden Matthew Hamidullah, Officer Thomas Martin ("Martin"), and Officer R. Wallace ("Wallace") in all respects except as to the claims against Martin and Wallace in their individual capacities. On March 19, 2007, the court dismissed Keno as a defendant for lack of service of process.

The remaining Defendants moved for summary judgment on June 5, 2007. An order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On September 10, 2007,

Ellerbe filed a response. On October 30, 2007, Magistrate Judge Catoe issued his Report recommending granting the Defendants' motion for summary judgment.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Objections

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that the majority of Ellerbe's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. However, the court was able to glean two specific objections.

Ellerbe objects to the Magistrate Judge's finding that the Defendants are entitled to summary judgment because he has not had the opportunity for discovery. (Objections 1-2.) Ellerbe alleges that the court prevented him from conducting discovery. (Id.) However, Ellerbe does not explain how the court prevented him from conducting discovery, and he does not explain how additional discovery would rebut the Defendants' motion for summary judgment. Therefore, this objection is without merit.

In addition, Ellerbe objects to the Magistrate Judge's finding that the undisputed evidence is that the Defendants acted with reasonable care to protect Ellerbe. (Objections 4-5.) However, for the reasons set forth in the Report and Recommendation and the record in this case, this objection is without merit. Based upon the foregoing, the court adopts Magistrate Judge Catoe's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 63, is granted.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
December 6, 2007

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.